IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-1495-GEB-DAD |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| | ) | |
| CHIPOTLE MEXICAN GRILL, INC., | ) | |
| dba CHIPOTLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

        The status (pretrial scheduling) conference scheduled in
this case for January 23, 2006 is vacated since the joint status
report (JSR) submitted by the parties indicates that the following
Order should issue.


        SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        All defendants have been served and no further service is
permitted, except with leave of Court, good cause having been shown.

1

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.[1]

DISCOVERY

No modifications of the discovery requirements in the Federal Rules is ordered.

(a)  All discovery shall be completed by August 9, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before March 9, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before April 9, 2007.

---

[1]    The statements in the JSR that a party reserves the right "to join a party or amend a pleading" is too imprecise to except the referenced possible amendment from the "good cause" standard.  "Parties anticipating possible amendments . . . have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the . . . timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

[2]    The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be October 9, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

---

[3]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1    The parties are cautioned that an untimely motion

2  characterized as a motion in limine may be summarily denied.  A motion

3  in limine addresses the admissibility of evidence.

4

5                        FINAL PRETRIAL CONFERENCE

6    The final pretrial conference is set for December 10, 2007

7  at 1:30 p.m.  The parties are cautioned that the lead attorney who

8  WILL TRY THE CASE for each party shall attend the final pretrial

9  conference.  In addition, all persons representing themselves and

10  appearing in propria persona must attend the pretrial conference.

11    The parties are warned that non-trialworthy issues could be

12  eliminated sua sponte "[i]f the pretrial conference discloses that no

13  material facts are in dispute and that the undisputed facts entitle

14  one of the parties to judgment as a matter of law."  Portsmouth Square

15  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

16    The parties shall file a JOINT pretrial statement with the

17  Court not later than seven (7) days prior to the final pretrial

18  conference.[4]  The joint pretrial statement shall specify the issues

19  for trial.  The Court uses the parties' joint pretrial statement to

20  prepare its final pretrial order and could issue the final pretrial

21  order without holding the scheduled final pretrial conference.  See

22  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

23  requirement that the court hold a pretrial conference.").  The final

24  _____

25    [4]  The failure of one or more of the parties to participate in
26  the preparation of any joint document required to be filed in this case
     does not excuse the other parties from their obligation to timely file
27  the document in accordance with this Order.  In the event a party fails
     to participate as ordered, the party or parties timely submitting the
28  document shall include a declaration explaining why they were unable to
     obtain the cooperation of the other party.

                                    4

1   pretrial order supersedes the pleadings and controls the facts and
2   issues which may be presented at trial.  Issues asserted in pleadings
3   which are not preserved for trial in the final pretrial order cannot
4   be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
5   827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
6   pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
7   <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
8   issue omitted from the pretrial order is waived, even if it appeared
9   in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
10  (D.D.C. 1995) (refusing to modify the pretrial order to allow
11  assertion of a previously-pled statute of limitations defense);
12  <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
13  (indicating that "[a]ny factual contention, legal contention, any
14  claim for relief or defense in whole or in part, or affirmative matter
15  not set forth in [the pretrial statement] shall be deemed . . .
16  withdrawn, notwithstanding the contentions of any pleadings or other
17  papers previously filed [in the action]").

18      <u>If possible, at the time of filing the joint pretrial</u>
19  <u>statement counsel shall also email it in a format compatible with</u>
20  <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

21

22                      <u>TRIAL SETTING</u>

23      Trial is set for March 11, 2008, commencing at 9:00 a.m.
24  Dated:  January 11, 2006

25
                        <u>/s/ Garland E. Burrell, Jr.</u>
26                      GARLAND E. BURRELL, JR.
                        United States District Judge
27

28

                        5

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.